UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JEROME MUNFORD, CDCR #BE8370,<br><br>        Plaintiff,<br><br>v.<br><br>J. SANCHEZ; T. ARMSTEAD; and A. LARACCO,<br><br>        Defendants. | Case No.:  21-CV-851 JLS (JLB)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING WITHOUT PREJUDICE FIRST AMENDMENT CLAIMS FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**<br><br>(ECF Nos. 1, 2) |

Plaintiff Thomas Jerome Munford ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  *See* ECF No. 1 ("Compl.").  Plaintiff alleges that three correctional officers violated his First and Eighth Amendment rights. *See id.* at 3–4.

/ / /

/ / /

Plaintiff did not prepay the $402 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing and has instead filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See* ECF No. 2 ("IFP Mot.").

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of twenty percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. §§ 1915(b)(1), (b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at twenty percent of the preceding month's income, in any month in which his account exceeds ten dollars, and forwards those

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances. *See* ECF No. 4 at 1, 3. These documents show that Plaintiff carried an average monthly balance of $0.02 and had average monthly deposits to his trust account of $0.00 for the six months preceding the filing of this action, and that Plaintiff had an available balance of just $0.17 at the time of filing. *See id.* at 1.

Therefore, the Court **GRANTS** Plaintiff's IFP Motion and declines to impose the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because his prison certificate indicates he may currently have "no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). Instead, the Court directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or her designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2) AND 1915A(B)

### I.   Legal Standard

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must dismiss *sua sponte* a prisoner's IFP complaint, or any portion of it, that is

frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## II. Plaintiff's Factual Allegations

Plaintiff alleges that on July 4, 2020, he witnessed an incident during which Defendant Laracco attacked a cuffed inmate without justification. Compl. at 3. Plaintiff, who was nearby, stood up and protested, yelling at Defendant Laracco and two other

correctional officers present, Defendants Sanchez and Armstead. *See id.* When Plaintiff told Defendant Sanchez that she should stop the attack, she said "I know," but she told Plaintiff to sit down. *Id.* When Plaintiff refused to sit down, Defendant Armstead shot Plaintiff in the back with a block gun. *Id.* After Plaintiff fell to the ground, Defendant Laracco tried to use a smoke grenade. *See id.* When that failed, Defendants Laracco and Sanchez pepper-sprayed Plaintiff "for at least 8 seconds all over [his] face, back and the back of [his] head." *Id.* Plaintiff was then handcuffed, taken to a holding cell, and seen by a nurse, who documented Plaintiff's injuries. *Id.* Those injuries allegedly included bruises to and swelling of Plaintiff's back as well as pain that continues to this day. *See id.* at 4.

Plaintiff was subsequently taken to administrative segregation and charged with assault on a peace officer. *See id.* at 3. That charge was later reduced to behavior which could lead to violence. *Id.* at 9. Plaintiff alleges that these charges were unsupported by the evidence and were imposed to conceal Defendants' wrongdoing. *See id.*

The pagination of Plaintiff's Complaint is somewhat confusing, but as best as the Court can determine, Plaintiff asserts two causes of action. First, he alleges that Defendants used excessive force in violation of the Eighth Amendment's prohibition on cruel and unusual punishment when they shot Plaintiff with the block gun and used pepper spray while Plaintiff was prone on the ground. *See id.* at 3, 8–10. Second, Plaintiff contends that Defendants violated his First Amendment rights to freedom of speech and freedom from retaliation when they attacked him for protesting their use of excessive force against the other inmate. *See id.* at 4. Confusingly, Plaintiff's Complaint contains two different prayers for relief, each requesting compensatory and punitive damages (though in different amounts), but only one requesting injunctive relief directing training for correctional officers on de-escalation with inmates with mental health issues. *See id.* at 7; *see also id.* at 11. Plaintiff also requests fees and costs. *See id.* at 7, 11.

### III. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015). As mentioned, Plaintiff asserts claims based on both the Eighth and First Amendments.

The Court finds that Plaintiff's Complaint contains plausible Eighth Amendment excessive force allegations sufficient to clear the "low threshold" set for *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. In assessing claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (citing *Hudson v. McMillian*, 503 U.S. 1, 7, (1992)). The Supreme Court has emphasized that this issue cannot be determined "mechanically," and that the inquiry "requires careful attention to the facts and circumstances of each particular case." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Graham v. Connor*, 490 U.S. 386, 397 (1989). At this early stage of the proceedings and given the liberal construction to which pro se pleadings are entitled, Plaintiff's allegations are sufficient. Nevertheless, the Court cautions Plaintiff that the *sua sponte* screening process is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant may choose to bring." *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

As for Plaintiff's First Amendment claims, however, the Court finds that they must be dismissed for failure to state a claim. "[C]onvicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison," *Bell v. Wolfish*, 441 U.S. 520, 545 (1979), but a prisoner's First Amendment rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *See McElyea v. Babbit*, 833 F.2d 196, 197 (9th Cir. 1987). "In order to state a cognizable First Amendment free speech claim, Plaintiff must plead that his speech was constitutionally protected, that Defendant's actions would chill an ordinary person from continuing in that activity, and that

Defendant's actions were motivated by his constitutionally protected speech." *Nunez v. Ramirez*, No. 09cv413-WQH (BLM), 2009 WL 6305676, at *4 (S.D. Cal. Nov. 12, 2009) (citing *Mendocino Envt'l Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300–01 (9th Cir. 1999)). To state a claim for First Amendment retaliation, Plaintiff must allege that: (1) a state actor took some adverse action against him, (2) the adverse action was the result of First Amendment protected conduct, (3) the state actor's actions "would chill or silence a person of ordinary firmness from future First Amendment activities," and (4) the adverse action did not reasonably advance legitimate correctional goals. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

As other courts have found, a direct verbal confrontation between an inmate and a correctional officer is not protected speech "because such behavior may present the danger of a disturbance." *See Nunez*, 2009 WL 6305676, at *4 (collecting cases); *see also Johnson v. Carroll*, No. 2:08-cv-1494 KJN P, 2012 WL 2069561, at *33 (E.D. Cal. June 7, 2012) ("The consensus of the cases that have considered [the scope of protected speech within prisons] appears to be that an inmate's verbal challenges . . . to correctional staff are not within the ambit of First Amendment protection, . . . while similar written challenges may be protected, particularly if set forth in a formal grievance . . . ." (citation omitted)). For this reason, other courts have also concluded that allegations of retaliation for verbal confrontations with correctional officers do not give rise to a First Amendment retaliation claim, which additionally requires allegations of adverse action taken as a result of First Amendment protected conduct. *See Garrido v. Coughlin*, 716 F. Supp. 98, 101-02 (S.D.N.Y. June 27, 1989) (inmate's "verbal confrontation" with correctional officer over the "allegedly abusive treatment of another inmate" did not give rise to a First Amendment retaliation claim); *see also Johnson*, 2012 WL 2069561, at *34 (concluding that, because confrontational speech toward correctional officers was not protected speech, it did not support a retaliation claim). Plaintiff has not plausibly alleged any reason why these authorities would not apply to his claims or any alternative grounds on which to conclude that his statements to Defendants and his refusal to follow their orders to sit down were

protected speech. Accordingly, Plaintiff's First Amendment claims must be dismissed *sua sponte* in their entirety for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### IV. Leave to Amend

Because the Court has determined that some of Plaintiff's claims survive the *sua sponte* screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of his intent to proceed with his Eighth Amendment claims only, or (2) file an amended pleading correcting the deficiencies in his Complaint identified in this Order, if he can. Plaintiff must act upon one of these options within forty-five (45) days of the date on which this Order is electronically docketed. If Plaintiff choses to proceed only as to the Eighth Amendment claims that survived screening, the Court will issue an Order directing the U.S. Marshal to effect service of Plaintiff's Complaint on Defendants and dismiss the remaining claims.

### CONCLUSION

In light of the foregoing and good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* Pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2. **ORDERS** the Secretary of CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds ten dollars ($10) pursuant to 28 U.S.C. § 1915(b)(2). *ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE CASE NAME AND NUMBER ASSIGNED TO THIS ACTION*;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001;

///

4.     **DISMISSES** Plaintiff's First Amendment claims for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and

5.     **GRANTS** Plaintiff <u>forty-five (45) days'</u> leave from the date on which this Order is electronically docketed in which to either: (1) notify the Court of his intention to proceed with the claims that survived *sua sponte* screening only; or (2) file an amended complaint that cures the deficiencies of pleading noted above.  Any amended complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not realleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED.**

Dated: August 23, 2021

Hon. Janis L. Sammartino
United States District Judge