UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JEROME MUNFORD, CDCR #BE-8370,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>J. SANCHEZ, A. LARACCO, T. ARMSTEAD ,<br><br>　　　　　　　　　　　　Defendants. | Case No.  21-CV-851 JLS (JLB)<br><br>**ORDER: (1) DISMISSING FIRST AMENDMENT CLAIMS AGAINST DEFENDANTS WITHOUT LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)(1); AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS UPON DEFENDANTS SANCHEZ, LARACCO, AND ARMSTEAD PURSUANT TO 28 U.S.C. § 1915(d) & FED. R. CIV. P. 4(c)(3)** |

On April 30, 2021, Plaintiff Thomas Jerome Munford ("Plaintiff" or "Munford"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  ("Compl.,") ECF No. 1. Plaintiff alleged that three correctional officers violated his First and Eighth Amendment rights.  *See id*. at 3–4.  Plaintiff did not prepay the $402 civil filing fee required by 28

///

U.S.C. § 1914(a) at the time of filing and instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a).  ECF No. 2.

On August 23, 2021, the Court granted Munford's IFP motion, concluded he had stated an Eighth Amendment claim as to the Defendants, but found he had failed to state a First Amendment claim.  ECF No. 5.  The Court granted Munford forty-five (45) days from the date of the dismissal Order in which to either notify the Court of his intention to proceed with the Eighth Amendment claims only or file an Amended Complaint which cured all the deficiencies the dismissal Order noted.  *Id.*  Munford was also advised that "[d]efendants not named and any claims not re-alleged in the Amended Complaint will be considered waived.  *Id.*; *see* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

On September 3, 2021, Munford responded to the Court's Order by notifying the Court he wished to proceed with his Eighth Amendment claims against the Defendants.  *See* ECF No. 6.  Accordingly, Munford's First Amendment claims against the Defendants are **DISIMSSED** without leave to amend based on Munford's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

In its initial screening Order, the Court concluded that Munford had stated an Eighth Amendment claim against the Defendants.  *See* ECF No. 5.  Accordingly, the Court will order service of the Complaint and summons upon Defendants him pursuant to 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3).

For the reasons explained, the Court:

1) **DISMISSES** Plaintiff's First Amendment claims against the Defendants without leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b);

///

2) **DIRECTS** the Clerk to issue a summons as to Munford's Complaint (ECF No. 1) upon Defendants J. Sanchez, A. Laracco, and T. Armstead and forward them to Munford along with blank U.S. Marshal Form 285 forms. In addition, the Clerk will provide Munford with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve Defendants J. Sanchez, A. Laracco, and T. Armstead. Upon receipt of this "IFP Package," Munford must complete the USM Form 285 forms as completely and accurately as possible, include an address where the Defendants may be found and/or subject to service pursuant to S.D. Cal. Civ. L.R. 4.1c., and return them to the U.S. Marshal according to the instructions the Clerk provides.

4) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants J. Sanchez, A. Laracco, and T. Armstead upon receipt and as directed by Munford on the completed USM Form 285 forms, <u>and to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of Court</u>. *See* S.D. Cal. Civ. L.R. 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5) **ORDERS** J. Sanchez, A. Laracco, and T. Armstead, once served, to reply to Munford's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

6) **ORDERS** Munford, after service has been effected by the U.S. Marshal, to serve upon J. Sanchez, A. Laracco, and T. Armstead, or if appearance has been entered by counsel, upon J. Sanchez's, A. Laracco's, and T. Armstead's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration

pursuant to Fed. R. Civ. P. 5(b).  Munford must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on J. Sanchez, A. Laracco, and T. Armstead or their counsel, and the date of that service.  *See* S.D. Cal. Civ. L.R. 5.2.  Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of service upon J. Sanchez, A. Laracco, and T. Armstead or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  September 13, 2021

Hon. Janis L. Sammartino
United States District Judge